UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-115-R

RUDOLPH and EUDELL BENNETT                                                            PLAINTIFFS

v.

FORD MOTOR COMPANY                                                                       DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs' Motion to Remand to State Court (Docket #11). Defendant Ford Motor Company has filed a response (Docket #13) to which Plaintiffs have replied (Docket #14). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Remand is DENIED.

**BACKGROUND**

In early 1996, Plaintiffs purchased a 1997 Ford F-150 pickup truck from Quality Ford. Quality Ford repaired, maintained, and serviced the vehicle, with the exception of oil changes. On May 25, 2002, the truck caught fire while parked in the garage attached to Plaintiffs' home. Plaintiffs' home and its contents were damaged as a result of the fire.

Plaintiffs were insured by State Farm Mutual Insurance Company ("State Farm"). On May 15, 2003, Plaintiffs along with State Farm filed a Complaint against Ford and Quality Ford in Lyon County, Kentucky.[1] Plaintiffs alleged negligence, strict liability, and subrogation claims and sought

---

[1] Plaintiffs and Quality Ford were considered Kentucky citizens for jurisdictional purposes.

Ford and Quality Ford were represented by the same counsel.

compensatory and punitive damages. In 2006, Plaintiffs amended their Complaint to assert a claim under the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.110-.390, against both Ford and Quality Ford. Plaintiffs asserted that Ford and Quality Ford were aware of faulty speed control deactivation switches that had caused fires similar to the one suffered by Plaintiffs, and that Ford and Quality Ford had engaged in a deceptive trade practice by failing to alert the public to the potential danger posed by the switches.

State Farm's claims were dismissed after Ford resolved, by settlement, State Farm's claim to its complete satisfaction. An Agreed Order of Partial Dismissal was entered by the Lyon County Court on February 7, 2007. Plaintiffs were not fully insured for their loss and have continued with the lawsuit to pursue damages from Ford for those uninsured losses.

On June 29, 2007, Quality Ford moved for summary judgment. Plaintiffs did not respond to Quality Ford's motion for summary judgment and in a pretrial conference before the Lyon County Court, Plaintiffs' counsel stated that Plaintiffs had no objection to Quality Ford's motion for summary judgment. The Lyon County Court entered summary judgment in Quality Ford's favor on July 9, 2007.

Ford removed this action on July 18, 2007, on the basis of diversity jurisdiction. Ford asserted that the one-year limitation against removal of diversity actions contained in 28 U.S.C. § 1446(b) does not apply because Plaintiffs fraudulently joined Quality Ford as a defendant in their initial complaint.

## STANDARD

A party may remove a case commenced in state court to federal district court if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought" and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a). Defendants wishing to remove a case must file and serve a notice of removal within thirty days of receiving the initial pleading upon which the claim is based. *See* 28 U.S.C. § 1446(b). If the case stated in the initial pleading is not removable, a party has thirty days from receiving information making the case removable to file a notice of removal with the caveat that removal based on diversity jurisdiction under 28 U.S.C. § 1332 is barred more than one year after the commencement of the action. *Id.* However, this one-year limitation does not bar removal to federal court if a plaintiff fraudulently joined a nondiverse defendant. *Hardy v. Ajax Magnathermic Corp.*, 122 F. Supp. 2d 757, 759 (W.D. Ky. 2000); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The removing party bears the burden of establishing fraudulent joinder. *Alexander v. Elec. Data Sys.*, 13 F.3d 940, 949 (6th Cir. 1994).

## DISCUSSION

On its face, no diversity existed in the original complaint. Ford, however, argues that Plaintiffs fraudulently joined Quality Ford and that, because of the fraudulent joinder, no true diversity existed in the originally filed complaint. Thus, Ford asserts that the one-year time limitation of 28 U.S.C. § 1446(b) does not bar removal in this case.

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 12 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* (quoting *Bobby Jones*, 391 F.2d

3

at 176).

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court. . . [the] court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal quotation and citation omitted). When deciding whether the plaintiff had improperly joined the nondiverse defendant the court may pierce the pleadings and consider summary judgment-type evidence such as affidavits and deposition testimony. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995); *Miller v. PPG Indus., Inc.*, 237 F. Supp. 2d 756, 759 n.9 (W.D. Ky. 2002).

In their Complaint, Plaintiffs asserted claims against Quality Ford on negligence, strict liability, and subrogation grounds. The Complaint was later amended to also allege a violation of the KCPA.

Ford argues that Plaintiffs' Complaint and Amended Complaint failed to state a claim against Quality Ford under Kentucky law. Ford asserts that Quality Ford was protected by Kentucky's Product Liability Act, which prevents middlemen from being held liable for unaltered unreasonably dangerous products:

> In any products liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340. Ford states that Quality Ford did not have knowledge of any alleged defect at the

time that it sold the automobile to Plaintiffs because there was no recall for the speed control deactivation switch in this vehicle. Plaintiffs argue that discovery had to occur before a decision as to Quality Ford's necessity to the action could be contemplated, as Plaintiffs needed to ascertain what knowledge Quality Ford had before Plaintiffs' fire regarding defective speed control deactivation switches. Plaintiffs assert that written discovery requests were made concerning the information provided to Quality Ford by Ford regarding any and all known defects in Plaintiffs' vehicle; Plaintiffs point to the following Discovery Requests made on Ford:

> Please produce for inspection and/or copying all correspondence with vendors that deal with the electrical system for the 1997 Ford F150 pickup truck and any fires caused by or related thereto.[2]

> Please produce for inspection and/or copying all correspondence with vendors that deal with reliability, wear-out, fatigue, aging or any other failure mechanism of the Ford F-150's cruise control system.[3]

Plaintiff made no requests for discovery on Quality Ford.

In *Hardy v. Ajax Magnathermic Corp.*, this Court allowed removal four years after the initial action was filed when the nondiverse party was dismissed via an unopposed summary judgment motion. 122 F. Supp. 2d at 761. The plaintiffs objected to the removal, arguing that the one-year rule barred removal because it applied to actions where diversity did not initially exist. *Id.* at 759. This Court held that the one-year limitation of 28 U.S.C. § 1446(b) did not bar removal if the plaintiffs fraudulently joined the nondiverse defendant. *Id.* This Court then examined the record to see if a reasonable basis existed for the plaintiffs' claim and found that such a basis did exist. *Id.* at 759-61. Specifically, the plaintiffs, over a course of four years, had taken little discovery, put

---

[2] Request number 5 in Plaintiffs' First Set of Discovery to Ford.

[3] Request number 6 in Plaintiffs' Second Set of Discovery to Ford.

forth no facts supporting a claim against the nondiverse defendant, and had made no demonstration that their case had any merit whatsoever. *Id.* at 760-61.

Here, like the plaintiffs in *Hardy*, Plaintiffs have not put forth any facts supporting the claim against the nondiverse defendant, Quality Ford. Although Plaintiffs point to the above-mentioned discovery requests propounded on Ford concerning correspondence with vendors, there were no discovery requests propounded on Quality Ford. The record reveals little attempt, if any, to develop a case against Quality Ford; no direct attempt having been undertaken to determine Quality Ford's knowledge of the alleged defect. As such, there are no facts in the record indicating that Quality Ford had knowledge of any alleged defect at the time that it sold the automobile to Plaintiffs, which entitles Quality Ford to immunity under Kentucky's Product Liability Act. KRS § 411.340. This Court cannot find that a reasonable basis existed for Plaintiffs' claim against Quality Ford. *See Alexander*, 12 F.3d at 949. Thus, this Court finds that Quality Ford was fraudulently joined and, therefore, the one-year limitation of 28 U.S.C. § 1446(b) does not bar removal. *See Hardy*, 122 F. Supp. 2d at 759.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

An appropriate order shall issue.