UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-115-R

RUDOLPH and EUDELL BENNETT                                                               PLAINTIFFS

v.

FORD MOTOR COMPANY                                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiffs' Kentucky Consumer Protection Act ("KCPA") Claim. Plaintiffs filed a response to which Defendant replied. Plaintiffs then filed an amended response to the motion to which Defendant replied. This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Partial Summary Judgment on Plaintiffs' KCPA Claim is GRANTED.

**BACKGROUND**

In early 1996, Plaintiffs purchased a 1997 Ford F-150 pickup truck from Quality Ford. Quality Ford repaired, maintained, and serviced the vehicle, with the exception of oil changes. On May 25, 2002, the truck caught fire while parked in the garage attached to Plaintiffs' home. Plaintiffs' home and its contents were damaged as a result of the fire.

Plaintiffs were insured by State Farm Mutual Insurance Company ("State Farm"). On May 15, 2003, Plaintiffs along with State Farm filed a Complaint against Ford and Quality Ford in Lyon County, Kentucky. Plaintiffs alleged negligence, strict liability, and subrogation claims and sought compensatory and punitive damages.

State Farm's claims were dismissed after Ford resolved, by settlement, State Farm's claim

to its complete satisfaction. An Agreed Order of Partial Dismissal was entered by the Lyon County Court on February 7, 2007. Plaintiffs were not fully insured for their loss and have continued with the lawsuit to pursue damages from Ford for those uninsured losses.

On March 5, 2007, Plaintiffs amended their Complaint to assert a claim under the KCPA, KRS § 367.110-.390, against both Ford and Quality Ford.[1] Plaintiffs asserted that Ford and Quality Ford were aware of faulty speed control deactivation switches that had caused fires similar to the one suffered by Plaintiffs, and that Ford and Quality Ford had engaged in a deceptive trade practice by failing to alert the public to the potential danger posed by the switches. Defendants filed their First Amended Answer on March 7, 2007. Defendants failed to plead the affirmative defense of statute of limitations.

On June 29, 2007, Quality Ford moved for summary judgment. Plaintiffs did not respond to Quality Ford's motion for summary judgment and in a pretrial conference before the Lyon County Court, Plaintiffs' counsel stated that Plaintiffs had no objection to Quality Ford's motion for summary judgment. The Lyon County Court entered summary judgment in Quality Ford's favor on July 9, 2007.

Ford removed this action on July 18, 2007, on the basis of diversity jurisdiction. On March 28, 2008, this Court granted Defendant's Motion for Leave to file an Amended Answer to the Amended Complaint. Defendant asserted the affirmative defense of statute of limitations in the Amended Answer.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish

---

[1] Plaintiffs first moved for leave to file an amended complaint on September 1, 2006.

that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

A party alleging a violation of the KCPA "must bring such action within one (1) year after

any action of the Attorney General has been terminated or within two (2) years after the violation of KRS 367.170, whichever is later."[2] K.R.S. 367.220(5). According to the Complaint, the injuries suffered occurred on May 25, 2002, as a result of the fire. The KCPA claim was not alleged until September 1, 2006, more than two years after the alleged violation.

Plaintiffs assert that the KCPA Claim properly relates back to the original Complaint pursuant to Kentucky Civil Rule 15.03(1) which states: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Defendant asserts that the addition of the KCPA Claim significantly altered the original complaint and does not relate back as it is beyond the scope of the conduct or transactions originally asserted.

A court should generally allow an amendment to relate back "if it arose from the same general transaction as the original claim, could be established by the same evidence, and does not take a defendant by surprise." Kurt A. Phillips, Jr., *Kentucky Practice* 315 (5th ed. 1995) (citing *Richardson v. Dodson*, 832 S.W.2d 888, 890 (Ky. 1992) (stating that those amendments pleading compliance with statutory requirements and those which more correctly designate the capacity in which a party is suing are among the types of amendments which are not prejudicial)). In the original Complaint, Plaintiffs allege that the electrical system in their Ford pickup truck

---

[2] KRS 367.170 states as follows:

(1) Unfair, false misleading or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) For the purposes of this section, unfair shall be construed to mean unconscionable.

4

unexpectedly failed, causing the vehicle to burst into flames in the middle of the night, causing a fire which destroyed Plaintiffs' residence. Plaintiffs asserted that at the time that Defendant designed, manufactured, marketed, and instructed on safe usage and provided warnings for the truck, Defendant was negligent in its acts and omissions and that the truck was unreasonably dangerous for its designed purpose and use. In their Amended Complaint, Plaintiffs allege that Defendant was aware of similar prior incidents for many years prior to the fire but did not alert the public to these dangers in violation of the KCPA.

Plaintiffs' original claims were products liability claims directed only at the allegedly defective product that caused the May 25, 2002 fire. The KCPA Claim sounds in consumer fraud and alleges that Ford knew about the defective product prior to the fire and actively perpetrated a fraud on the public about the product's nature. The KCPA Claim cannot be established by the same evidence as that alleged in the original Complaint. Proof of Defendant's defective product does not establish constructive fraud on Defendant's part. The original Complaint did not give Defendant adequate notice of the KCPA Claim.

Moreover, the discovery rule does not apply to the KCPA because it is a legislatively enacted cause of action. *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *3-4 (Ky. Ct. App. Sept. 10, 2004); *see also Hathaway v. Continental Assurance Co.*, No. 103CV6R, 2006 WL 83436, at *3 (W.D. Ky. Jan. 10, 2006).

The Court finds that Plaintiffs' KCPA Claim does not relate back to the original Complaint. Therefore, Plaintiffs' KCPA claim is barred by the statute of limitations. Having already found that the statute of limitations bars the present claim, the Court will not address Defendant's remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment on Plaintiffs' KCPA Claim is GRANTED.

An appropriate order shall issue.