UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-115-R

RUDOLPH and EUDELL BENNETT                                                                    PLAINTIFFS

v.

FORD MOTOR COMPANY                                                                              DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs' Motion to Alter, Amend, or Vacate this Court's Memorandum Opinion and Order dated April 3, 2008 in which the Court granted Defendant Partial Summary Judgment (Docket #54). Defendant filed a response (Docket #63) to which Plaintiffs replied (Docket #65). Defendant also filed a surreply (Docket #66). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion to Alter, Amend, or Vacate is DENIED.

## BACKGROUND

In early 1996, Plaintiffs purchased a 1997 Ford F-150 pickup truck from Quality Ford. Quality Ford repaired, maintained, and serviced the vehicle, with the exception of oil changes. On May 25, 2002, the truck caught fire while parked in the garage attached to Plaintiffs' home. Plaintiffs' home and its contents were damaged as a result of the fire.

Plaintiffs were insured by State Farm Mutual Insurance Company ("State Farm"). On May 15, 2003, Plaintiffs along with State Farm filed a Complaint against Ford and Quality Ford in Lyon County, Kentucky. Plaintiffs alleged negligence, strict liability, and subrogation claims and sought compensatory and punitive damages.

State Farm's claims were dismissed after Ford resolved, by settlement, State Farm's claim to its complete satisfaction. An Agreed Order of Partial Dismissal was entered by the Lyon County Court on February 7, 2007. Plaintiffs were not fully insured for their loss and have continued with the lawsuit to pursue damages from Ford for those uninsured losses.

On March 5, 2007, Plaintiffs amended their Complaint to assert a claim under the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.110-.390, against both Ford and Quality Ford.[1] Plaintiffs asserted that Ford and Quality Ford were aware of faulty speed control deactivation switches that had caused fires similar to the one suffered by Plaintiffs, and that Ford and Quality Ford had engaged in a deceptive trade practice by failing to alert the public to the potential danger posed by the switches. Defendants filed their First Amended Answer on March 7, 2007. Defendants failed to plead the affirmative defense of statute of limitations.

On June 29, 2007, Quality Ford moved for summary judgment. Plaintiffs did not respond to Quality Ford's motion for summary judgment and in a pretrial conference before the Lyon County Court, Plaintiffs' counsel stated that Plaintiffs had no objection to Quality Ford's motion for summary judgment. The Lyon County Court entered summary judgment in Quality Ford's favor on July 9, 2007.

Ford removed this action on July 18, 2007, on the basis of diversity jurisdiction. On March 28, 2008, this Court granted Defendant's Motion for Leave to file an Amended Answer to the Amended Complaint. Defendant asserted the affirmative defense of statute of limitations in the Amended Answer.

On April 3, 2008, this Court granted Defendant's Motion for Partial Summary Judgment on

---

[1] Plaintiffs first moved for leave to file an amended complaint on September 1, 2006.

Plaintiffs' KCPA Claim. Plaintiffs filed the present motion on April 14, 2008.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *Id.*

## DISCUSSION

**I.   WAIVER**

Plaintiffs argue that Defendant waived any statute of limitations defense it might have otherwise had by failing to affirmatively plead that defense in its answer.

Defendant's original answer failed to raise the statute of limitations defense. On January 29, 2008, Defendant filed a Motion for Leave to File an Amended Answer, attaching the Amended Answer to the motion. The Amended Answer included the affirmative defense of statute of limitations. Plaintiffs filed no objections to this motion.[2] This Court granted Defendant leave to file the Amended Answer on March 28, 2008.

All procedural matters before this Court are governed by Federal law. *Eastridge v. Fruehauf Corp.*, 52 F.R.D. 129, 130 (W.D. Ky. 1971).

---

[2] The Court would have allowed the answer even if an objection had been made.

Generally, a failure to plead an affirmative defense, like the statute of limitations, results in a waiver of that defense and its exclusion from the case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). However, as a practical matter, there are numerous exceptions to this broad rule, including the rule allowing amendments to the answer under Federal Rule of Civil Procedure 15. *Id.* "Where no prejudice results to the adverse party, the Statute of Limitations can be subsequently pleaded in an amended answer, and there is no waiver of such defense if the answer is properly amended to include it." *Eastridge*, 52 F.R.D. at 131.

Therefore, this Court finds that Defendant did not waive the statute of limitations defense as Defendant asserted this affirmative defense in its Amended Answer.

## II.    APPLICABLE DATE

Plaintiffs argue that the Court erred in basing the calculation of the limitations period from the date of the fire. Plaintiffs assert that their KCPA claim is based upon two types of behavior by Defendant, both of which continued past the date of the fire.

KRS 367.220 permits "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170" to bring an action to recover actual damages. KRS 267.220(1). Such action must be brought within one year after any action of the Attorney General has been terminated or within two years after the violation of KRS 367.170, whichever is later. KRS 367.220(5). KRS 367.170 prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."[3]  KRS 367.170(1).

---

[3] Pursuant to KRS 367.170(2), "unfair" is construed to mean unconscionable.

Plaintiffs state that their claim is partly founded on Defendant's failure to replace the defective component of the 1997 Ford F-150's cruise control mechanism despite full awareness that this defect could ignite and cause a vehicle fire. Plaintiffs assert that the recall of these cruise control mechanisms on September 7, 2005 marked the endpoint for this ongoing KCPA violation by Ford and the date upon which the applicable statute of limitations period commenced.

The Court finds that the applicable date from which the statute of limitations began to run on Plaintiffs' claim of KCPA violation as relates to the failure to replace the defective component of the cruise control mechanism was the date of the fire. Although Defendant may have continued the alleged conduct past this date, any injury which Plaintiffs suffered because of such conduct was fully realized on the date of the fire. *See Cook v. State Farm Mut. Ins. Co.*, No. 2002-CA-000801-MR, 2004 WL 2011375, at *3-4 (Ky. Ct. App. Sept. 10, 2004). The Court finds Plaintiffs' analogies to employment discrimination claims unavailing. Plaintiffs state that just as each paycheck constitutes an ongoing violation when a female employee is repeatedly paid less than her male counterparts or when an employee's wages are garnished without proper notice of the suit underlying that garnishment, Defendant's ongoing failure to acknowledge and replace the defective component until September 7, 2005, constituted a continuing violation of the KCPA that operated to extend the limitations period until the recall finally occurred. However, in the cases to which Plaintiffs cite, the continued violation was coupled with a corresponding injury, i.e., the smaller paycheck. *See Leonard v. Corr. Cabinet*, 828 S.W.2d 668, 670 (Ky. Ct. App. 1992) (citing *Jenkins v. Home Ins. Co.*, 635 F.2d 310 (4th Cir. 1980); *Jackson v. Galan,* 868 F.2d 165 (5th Cir. 1989)). In the instant case, any continued violation was not coupled with a corresponding injury.

Plaintiffs state that their KCPA claim is also based in part on Defendant's unreasonable

5

conduct in this litigation, including but not limited to, attempting to "starve" the lawsuit by fully satisfying the claim of State Farm, the party funding the litigation, while refusing to make any reasonable offer to the less-moneyed Plaintiffs and by withdrawing its disclosed expert on the day before his scheduled deposition in favor of one whose name was not known to Plaintiffs' attorney until the start of the deposition. Plaintiffs claim that this conduct continues to the present.

The Court finds that Defendant's litigation conduct cannot provide the basis for a KCPA claim. Plaintiffs fail to demonstrate how Defendant's conduct in defending itself against Plaintiffs' claims constitutes an unfair, false, misleading, or deceptive act or practice in the conduct of trade or commerce. KRS 367.170(1). Though Plaintiffs allege that Defendant's conduct constitutes unfair, false, misleading, or deceptive practice, Plaintiffs allege that these acts took place in the conduct of litigation, not in the conduct of trade or commerce.[4] Although Plaintiffs may have concerns about Defendant's conduct, such concerns are adequately addressed by the Federal Rules of Civil Procedure. *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 520 (Ky. 2006) (quoting *Palmer v. Farmers Ins. Exch.*, 861 P.2d 895, 913-15 (Mont. 1993)).

## III.  RELATION BACK

Plaintiffs assert that the KCPA claim properly relates back to the original Complaint pursuant to Kentucky Civil Rule 15.03(1) which states: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment then relates back to the date of the original

---

[4] "Trade" and "commerce" means "the advertising, offering for sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value, and shall include any trade or commerce directly or indirectly affecting the people of [the Commonwealth of Kentucky]." KRS 367.110.

pleading." Plaintiffs argue that the punitive damages claim of the original Complaint provides ample foundation for the relation back of Plaintiff's later-asserted KCPA claim.

A court should generally allow an amendment to relate back "if it arose from the same general transaction as the original claim, could be established by the same evidence, and does not take a defendant by surprise." Kurt A. Phillips, Jr., *Kentucky Practice* 315 (5th ed. 1995) (citing *Richardson v. Dodson*, 832 S.W.2d 888, 890 (Ky. 1992) (stating that those amendments pleading compliance with statutory requirements and those which more correctly designate the capacity in which a party is suing are among the types of amendments which are not prejudicial)). In the original Complaint, Plaintiffs alleged that the electrical system in their Ford pickup truck unexpectedly failed, causing the vehicle to burst into flames in the middle of the night, causing a fire which destroyed Plaintiffs' residence. Plaintiffs asserted that at the time that Defendant designed, manufactured, marketed, and instructed on safe usage and provided warnings for the truck, Defendant was negligent in its acts and omissions and that the truck was unreasonably dangerous for its designed purpose and use. Plaintiffs also asserted a claim for punitive damages claiming that Defendant's acts and omissions resulting in the damaged property constituted gross negligence and were in reckless disregard for the lives and safety of others. In their Amended Complaint, Plaintiffs allege that Defendant was aware of similar prior incidents for many years prior to the fire but did not alert the public to these dangers in violation of the KCPA.

In its Memorandum Opinion of April 3, 2008 in which the Court granted Defendant Partial Summary Judgment, the Court found that Plaintiffs' original claims were products liability claims directed only at the allegedly defective product that caused the May 25, 2002 fire. The Court found that the KCPA claim sounded in consumer fraud and alleged that Defendant knew about the

defective product prior to the fire and actively perpetrated a fraud on the public about the product's nature. Finding that the KCPA claim could not be established by the same evidence as that alleged in the original Complaint, as proof of Defendant's defective product does not establish constructive fraud on Defendant's part, the Court found that the original Complaint did not give Defendant adequate notice of the KCPA claim and therefore the KCPA claim did not relate back to the original Complaint.

Punitive damages are only recoverable "upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS 411.184(2). "Oppression" means "conduct which is specifically intended by the defendant to subject the plaintiff to cruel and unjust hardship." KRS 411.184(1)(a). "Fraud" means "an intentional misrepresentation, deceit, or concealment of material fact known to the defendant and made with the intention of causing injury to the plaintiff." KRS 411.184(1)(b). "Malice" means "either conduct which is specifically intended by the defendant to cause tangible or intangible injury to the plaintiff or conduct that is carried out by the defendant both with a flagrant indifference to the rights of the plaintiff and with a subjective awareness that such conduct will result in human death or bodily harm." KRS 411.184(1)(c). Plaintiffs' original Complaint makes clear that Plaintiffs sought punitive damages based on their assertion that Defendant acted with malice; there are no allegations that Defendant acted with fraud, rather Plaintiffs claimed that Defendant's acts and omissions constituted gross negligence and were in reckless disregard for the lives and safety of others. Proof that Defendant's acts and omissions constituted gross negligence and were in reckless disregard for the lives and safety of others does not establish constructive fraud on Defendant's part. Thus, the Court finds that Plaintiffs' KCPA claim does not relate back to the original Complaint and,

therefore, is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Alter, Amend, or Vacate this Court's Memorandum Opinion and Order dated April 3, 2008 is DENIED.

An appropriate order shall issue.